

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5381 | **DATE** | December 6, 2004 |
| **CASE TITLE** | U.S. ex rel. Nance v. Hinsley | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court finds that the petitioner's petition is untimely and thus grants the respondent's motion to dismiss. The clerk is directed to prepare a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 08 2004 date docketed | 12 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ELLEAN NANCE, Petitioner, | ) ) ) ) | |
| v. | ) | 04 C 5381 |
| CHARLES HINSLEY, Respondent. | ) ) ) | |

DOCKETED
DEC 0 8 2004

## MEMORANDUM AND ORDER

The respondent's motion to dismiss petitioner Ellean Nance's § 2254 petition as time-barred is before the court. For the following reasons, the court finds Nance's habeas petition is untimely and thus grants the motion to dismiss.

## Background

In August of 1991, Nance was involved in a gang-related incident in a Chicago Housing Authority building which led to the death of Chicago Housing Authority Police Officer Jimmie Haynes. Following a jury trial, he was convicted of murder, attempted murder, and aggravated discharge of a firearm. He was sentenced to natural life without parole on the murder conviction and a thirty year term of imprisonment on the attempted murder conviction. No sentence was imposed for the aggravated discharge of a firearm conviction.

Nance filed a timely appeal and the Illinois Appellate Court affirmed his conviction and sentence on May 2, 1996. Nance filed a petition for leave to appeal ("PLA"), which was denied on October 2, 1996. He did not file a petition for a writ of certiorari with the United States Supreme Court. On May 21, 1997, Nance filed a state post-conviction petition. While this petition was pending, he filed another state post-conviction petition which was denied on

October 29, 1997. Nance appealed the denial of the first petition to the Illinois Appellate Court, which affirmed the trial court on September 30, 1998. He also filed a PLA with the Illinois Supreme Court, which was denied on February 3, 1999.

Nance next filed a third state post-conviction petition on July 15, 1998. Again, after it was denied, Nance appealed unsuccessfully to the Illinois Appellate Court, which affirmed the trial court on July 22, 1998. He also filed a PLA with the Illinois Supreme Court, which was denied on December 1, 1999.

Nance subsequently filed a petition for relief from judgment on April 24, 2000. In addition, on May 2, 2000, he filed a fourth petition for state post-conviction relief. The trial court denied these requests for relief and Nance yet again appealed unsuccessfully to the Illinois Appellate Court, which affirmed the trial court on October 29, 2002, and the Illinois Supreme Court, which denied his PLA on September 3, 2003. Finally, Nance prepared a federal habeas petition, which he signed on June 23, 2004. The petition was received by this court on August 6, 2004.

## **Discussion**

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Notably, however, the time during which a "properly filed" application for state post-conviction or other collateral relief tolls the one-year statute of limitations. 28 U.S.C.

§ 2244(d)(2). For the purposes of this opinion, the court will assume that all of Nance's state post-conviction petitions were "properly filed."

In this case, the clock started ticking on October 2, 1996, when the Illinois Supreme Court denied Nance's PLA for his direct appeal. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (a petitioner who does not seek certiorari in his direct appeal is not entitled to toll the limitations period for the ninety days in which he could have done so). It stopped 140 days later on May 21, 1997, when Nance filed his first state post-conviction petition. It then started again on February 3, 1999 when the Illinois Supreme Court denied his request for a PLA.[1]

The limitations clock then stopped 152 days later when Nance filed his third state post-conviction petition, and started again on December 1, 1999, when the Illinois Supreme Court denied his PLA in that proceeding. It again stopped 144 days later on April 24, 2000, when he sought state collateral relief, and once again started on September 3, 2003 when the Illinois Supreme Court declined to issue a PLA. June 23, 2004, the earliest possible date that Nance's petition could be deemed filed, was 290 days later. *See Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (adopting the mailbox rule in evaluating the timeliness of habeas petitions).

Even using this date, his petition is untimely because by the time Nance signed his federal habeas petition on June 23, 2004, the statute of limitations had been running for a total of 726 days. Thus, even if the court deems all of Nance's state collateral filings "properly filed," his federal habeas petition is still untimely because he simply waited too long between his state collateral filings and the statute of limitations was running whenever he did not have a pending

---

[1] Nance's second state post-conviction petition did not affect the limitations period because his second petition was filed and denied while the limitations period was already tolled from his first petition.

state collateral proceeding. This means that his federal habeas petition is untimely and must be dismissed.

## **Conclusion**

For the above reasons, the respondent's motion to dismiss Nance's habeas petition as untimely is granted.

DATE: 12-6-04

Blanche M. Manning
United States District Court Judge

04cv5381.hab